UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEBRADRE D. JACKSON,

          Plaintiff,

v.                                           **Case No. 14-cv-650-pp**

MILWAUKEE COUNTY SHERIFF,
MILWAUKEE COUNTY SHERIFF'S
DEPARTMENT, MILWAUKEE COUNTY
CORRECTIONAL FACILITY – CENTRAL, and
CITY OF MILWAUKEE POLICE DEPARTMENT,

          Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DKT. NO. 2), DENYING PLAINTIFF'S MOTION TO ADD PARTY (DKT. NO. 11), DENYING PLAINTIFF'S MOTION FOR UNITED STATES MARSHALS SERVICE ON DEFENDANTS (DKT. NO. 17) SCREENING PLAINTIFF'S COMPLAINT AND SUPPLEMENT, STRIKING THE PLAINTIFF'S COMPLAINT AND SUPPLEMENT, AND REQUIRING THE PLAINTIFF TO FILE AN AMENDED COMPLAINT BY AUGUST 1, 2015**

---

The plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that the defendants had violated his civil rights during the period leading up to his arrest and while he was at the Milwaukee County Jail. The case comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis*, the plaintiff's motion to add a party, the plaintiff's motion for United States Marshals Service on defendants, and for screening of the plaintiff's complaint and supplement.

1

### Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*

The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On June 25, 2014, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $16.54. Dkt. No. 9. The plaintiff paid $13.75 of that amount on July 21, 2014. It is not clear why the plaintiff did not pay the remaining $2.79. Be that as it may, because the plaintiff paid the majority of the fee, the court will grant the plaintiff's motion for leave to proceed *in forma pauperis*, and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

### Review of the Plaintiff's Complaint and Supplement

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2

monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in *Twombly*. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. *Id.* Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff's June 5, 2014 complaint (Dkt. No. 1) and his June 24, 2014 supplement (Dkt. No. 7) contain a number of allegations regarding his arrest by the Milwaukee Police Department and his conditions of confinement

at the Milwaukee County Jail (formerly called the Milwaukee County Correctional Facility – Central). He alleges that on April 29, 2014, he was taken into custody, his belongings were seized, and he was transported to the Milwaukee County Sheriff's Department for processing. He states that his property was inventoried and placed into evidence, despite the lack of a warrant. Dkt. No. 1 at 3. He argues that his arrest constituted false arrest, because he didn't do anything wrong and there was no warrant. Dkt. No. 1 at 5. He argues that the conditions of the Milwaukee County Jail were bad—cold food, no clean clothes and linens, no visitation, and a broken television. *Id.* He complains that "information surely was manipulated by officials entering data into the system," because probable cause was found on May 4, 2014, despite the fact that the plaintiff insists the probable cause finding took place on January 21, 2014. Dkt. No. 1 at 4. He argues that when he tried to raise this problem with the court and his public defender, he was bullied into waiving his rights to challenge the complaint, and bullied into waiving its reading. *Id.* He alleges that later during his stay at the jail, he was placed in lockdown for twenty-four hours, not because of anything he did, but because the jail staff was trying to resolve a fight between two other inmates. Dkt. No. 7 at 1-2.

The court cannot assess whether these allegations do or do not present sufficient facts to allege possible violations of the Constitution, because there are two problems with the complaint. First, the plaintiff has sued—named as defendants—the Milwaukee County Sheriff, the Sheriff's Department, the Jail, and the City of Milwaukee Police Department. These are organizations, not

5

individuals. Title 42 U.S.C. §1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the *individual* defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (emphasis added) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). Section 1983 makes public employees liable "for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009). The only individual whom the plaintiff has named as a defendant is the Milwaukee County Sheriff, yet neither the complaint nor the supplement mention the sheriff being present, or having any part in the events the plaintiff has described. While the plaintiff may have named the sheriff because he assumed the sheriff was the supervisor of whoever the defendant believes deprived him of his constitutional rights, 42 U.S.C. §1983 does not allow plaintiffs to sue supervisors for the errors of their subordinates. *See Pacelli v. deVito*, 972 F.2d 871, 878 (7th Cir. 1992); *West By and Through Norris v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997). Section 1983 does not create liability for groups, nor does it allow a plaintiff to sue one person in place of another. *Id. at 877-78*.

The other three defendants whom the plaintiff has sued are municipal or governmental entities—the Milwaukee County Sheriff's Department, the Milwaukee County Jail, and the Milwaukee Police Department. Just as §1983 does not make supervisors liable for the actions of the people they supervise, it does not make government entities automatically liable for the acts of the people they employ. *See, e.g., Warner v. City of Terre Haute, Ind.*, 30 F. Supp.

6

2d 1107, 1120 (S.D. Ind. 1998) (citations omitted). Only when a plaintiff alleges, and shows, that the government entity had an "express . . . policy, widespread custom, or deliberate act of a decision-maker for [the government entity], which proximately caused [the plaintiff's] injury," does a plaintiff state a §1983 claim against a government entity. *Davis v. Carter*, 452 F.3d 686, 691 (7th Cir. 2006) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978)). Because the plaintiff in this case has not alleged any such policy, custom or deliberate act of a decision-maker, his complaint does not state a claim against any of the three government entities he has named as defendants.

There is a second problem with the plaintiff's complaint. It appears that the plaintiff attempts to improperly bring unrelated claims in a single case. He appears to claim, in a single case, that (a) the members of the Milwaukee Police Department violated his constitutional rights by falsely arresting him, taking his belongings, and taking him to the jail; (b) staff at the Milwaukee County Jail violated his constitutional rights by placing him in lockdown, and by subjecting him to cold food, dirty clothes and linens, and no television; and (c) that someone—it's not clear who—violated his constitutional rights by manipulating something so that it would appear that there was probable cause for his arrest in May, when he claims the probable cause finding was made in January. These are three different claims against three different people or groups of people, employed in different capacities by different agencies.

7

The Seventh Circuit Court of Appeals, pursuant to the controlling principle of Fed. R. Civ. P. 18(a), has held that "[u]nrelated claims against different defendants belong in different suits," both to avoid confusion and to prevent prisoners from manipulating the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that, like Rule 18, Fed. R. Civ. P. 20 applies to complaints filed by prisoner plaintiffs. *George*, 507 F.3d at 607. Under Rule 20, joining multiple defendants into one action is proper only if "(A) [a plaintiff] assert[s] any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

The court finds that the plaintiff's complaint in this case violates Rules 18 and 20, because it alleges unrelated claims against different defendants at different agencies for different, unrelated events. The *George*

8

court instructed that such "buckshot" complaints should be "rejected." *George*, 707 F.3d at 607.

For all of these reasons, the court will strike the original complaint the plaintiff filed on June 5, 2014, as well as the supplement he filed on June 24, 2014. The court will allow the plaintiff to file an amended complaint, incorporating only related claims against appropriate defendants. If the plaintiff wants to pursue all of the claims he asserts, he must file separate complaints for each of those claims, and against the appropriate defendants involved in those claims.

The court advises the plaintiff that any amended complaint will "supersede," or take the place of, a prior complaint. For that reason, any claims or facts that the plaintiff does not include in the amended complaint are, in effect, withdrawn. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998)(citing *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). If the plaintiff files an amended complaint, it will become the operative complaint in this case, and the court will screen it in accordance with 28 U.S.C. §1915A. With respect to any claim or claims the plaintiff alleges in his amended complaint, the plaintiff must identify the individual defendants whom he believes to have violated his constitutional rights, and specify how their actions, or failure to take action, violated his constitutional rights.

## Plaintiff's Motions

Because, as discussed above, the court is striking the plaintiff's June 5, 2014 complaint and the supplement he filed on June 24, 2014, it will deny his June 30, 2014 motion to add a party (Dkt. No. 11), as well as his December 29, 2014 motion to have the U.S. Marshals Service serve his complaint (Dkt. No. 17). If the plaintiff files an appropriate complaint, and the court concludes after screening it that the plaintiff can proceed, the court then will direct the U.S. Marshals Service to assist the plaintiff in serving that complaint.

## Conclusion

The court hereby **GRANTS** the plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 2). The court **DENIES** the plaintiff's motion to add party (Dkt. No. 11), and **DENIES** the plaintiff's motion for U.S. Marshals Service on the defendants (Dkt. No. 17).

The court **STRIKES** the complaint submitted on June 5, 2014 (Dkt. No. 1) and the supplement filed on June 24, 2014 (Dkt. No. 7).

The court **ORDERS** that on or before **August 1, 2015**, the plaintiff must file an amended complaint that complies with this order. If the plaintiff does not file an amended complaint that complies with Fed. R. Civ. P. 18 and 20, and this order, by **August 1, 2015**, the court will dismiss his case for failure to prosecute.

The court further **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $336.25 balance of the filing fee by collecting

10

monthly payments in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary shall clearly identify those payments by the case name and number assigned to this case.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

> United States District Court
> Office of the Clerk
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case.

The court will send a copy of this order to the Warden of the facility where the plaintiff resides.

Dated at Milwaukee this 8 day of June, 2015.

**BY THE COURT:**

HON. PAMELA PEPPER
**United States District Judge**