UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DEBRADRE D. JACKSON**,

               Plaintiff,

v.                                 **Case No. 14-cv-650-pp**

**DAVID CLARKE, et al.**,

               Defendants.

---

**DECISION AND ORDER SCREENING THE PLAINTIFF'S
SECOND AMENDED COMPLAINT (DKT. NO. 26)**

---

      In June of 2015, the plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights during the period leading up to his arrest and while he was at the Milwaukee County Jail. The court screened the plaintiff's complaint on June 8, 2015, alerted the plaintiff to deficiencies he needed to correct, and gave him a deadline of August 1, 2015, to file an amended complaint. Dkt. No. 19. The plaintiff availed himself of that opportunity on June 25, 2015. Dkt. No. 21. On December 3, 2015, the court screened the first amended complaint, noted that the plaintiff had not cured the deficiencies the court identified in its June 8, 2015 order, and gave the plaintiff a deadline of January 8, 2016, to file a second amended complaint. Dkt. No. 25. The plaintiff availed himself of *that* opportunity, and the plaintiff's second amended complaint is now before the court for screening. Dkt. No. 26.

1

## I. June 8, 2015 Order

In its June 8, 2015 order, the court advised the plaintiff that, for two reasons, it could not assess whether the allegations in the plaintiff's complaint and supplement to his complaint presented sufficient facts to support claims of possible violations of the Constitution. Dkt. No. 19. First, the plaintiff named as defendants municipal or government entities, without alleging that the entities had an "express . . . policy, widespread custom, or deliberate act of a decision-maker for [the government entity], which proximately caused [the plaintiff's] injury." Id. at 6-7 (quoting Davis v. Carter, 452 F.3d 686, 691 (7th Cir. 2006), citing Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690-91 (1978)). Second, the plaintiff attempted to improperly bring unrelated claims in a single case. Id. at 7-8. The court instructed the plaintiff to file an amended complaint that incorporated only related claims against appropriate defendants. Id. at 9.

## II. December 3, 2015 Order

In its December 3, 2015 order, the court noted that the plaintiff had not followed its instructions to file a an amended complaint containing only related claims. Dkt. No. 25 at 2-3. Not only did the plaintiff flesh out the details of the multiple, unrelated claims he had stated in the original complaint, but he also *added* new, unrelated claims (e.g., sexual assault, prosecutorial misconduct).

The court struck the plaintiff's amended complaint and gave him *one final opportunity* to cure the deficiencies the court had identifed. Id. at 3. The court specifically instructed the plaintiff that his second amended complaint

must include only related claims against appropriate defendants. Id. The court clarified that, if the plaintiff wanted to pursue all of the unrelated claims he had asserted in his amended complaint, he must file separate complaints against the appropriate defendants for each set of related claims. Id. The court warned the plaintiff that, if he once again disregarded the court's instructions, the court would dismiss his second amended complaint without prejudice. Id. at 4.

## II. The Plaintiff's Second Amended Complaint

The plaintiff's second amended complaint contains all of the same allegations that he included in his first amended complaint. Dkt. No. 26. He still names organizations that the court told him were not subject to suit. The second amended complaint includes claims allegedly arising out of his arrest, claims allegedly arising out of his prosecution, an alleged claim of sexual abuse during his confinement, and an alleged claim about the conditions of his confinement. These are unrelated claims: there are no questions of law or fact common to all defendants, nor do the claims arise out of the same transaction, occurrence, or series of transactions or occurrences. As the court has informed the plaintiff twice before, these claims belong in different lawsuits. Because the plaintiff has refused, or been unable, to follow the court's instructions, the court will dismiss his complaint without prejudice. The plaintiff may file a new complaint in the future if and when he can craft a complaint that brings only related claims against only proper defendants.

The court notes that the plaintiff still owes the filing fee. A person owes the filing fee whether he wins or loses; if he filed a case, he owes the fee. If the plaintiff files another lawsuit limited to only related claims, a new case number will be assigned, and the plaintiff will be required to pay another filing fee.

### III. Conclusion

The court **DISMISSES** this case **WITHOUT PREJUDICE**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28) days** of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The plaintiff is responsible for closely review all applicable rules and determining, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 19th day of January, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge