UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DEBRADRE D. JACKSON**,

      Plaintiff,

v.               **Case No. 14-cv-650-pp**

**DAVID CLARKE, et al.**,

      Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S
MOTION TO AMEND JUDGMENT (DKT. NO. 29)**

---

  On January 19, 2016, the court entered an order dismissing the plaintiff's lawsuit without prejudice, because he failed to follow the court's orders. Dkt. No. 27. On June 8, 2015, and again on December 3, 2015, the court had instructed the plaintiff to cure the deficiencies in his original complaint by filing an amended complaint containing only related claims against appropriate defendants. Dkt. Nos. 19, 25. The plaintiff did not follow these straightforward instructions, and so, as warned, the court dismissed his lawsuit without prejudice.

  On January 29, 2016, the plaintiff, pursuant to Fed. R. Civ. Pro. 59(e) filed a motion to amend the judgment. Dkt. No. 29. The plaintiff explained that "he did not clearly understand the instructions given," but that after speaking with an attorney, he now understood and would like to "reinstate this case in part and dismiss in part." Id. at 2. The motion also asserted that the plaintiff was indigent, and that "it would put plaintiff further in financial ruins to have

to pay another filing fee on the claims in this action plaintiff wishes to proceed on . . . ." Id.

Rule 59(e) motions serve a very limited purpose in civil litigation. A court may alter or amend a judgment pursuant to Rule 59(e) when there is newly discovered evidence or where there has been a manifest error of law or fact. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). Rule 59(e) requires that the movant "clearly establish" one of the aforementioned grounds for relief. Id. (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

The plaintiff's motion does not satisfy the requirements of Rule 59(e); he does not identify any newly discovered evidence, nor does he argue that the court made a manifest error of law or fact. In fact, the plaintiff implicitly concedes that *his* actions are to blame for the dismissal, because he improperly tried to bring unrelated claims in a single lawsuit. The plaintiff asks the court to excuse his error because he didn't understand what the court wanted him to do until after the court dismissed his complaint. The plaintiff's error, and failure to understand two different sets of instructions, is an insufficient basis upon which to grant relief under Rule 59(e).

The plaintiff captioned the motion as a motion under Fed. R. Civ. P. 59(e), and as explained above, he has not met the requirements for relief under that rule. There is another rule that allows courts to grant relief from a judgment or order—that is Fed. R. Civ. P. 60. Whether a court should analyze a

2

motion under Rule 59(e) or 60(b) depends on the substance of the motion, not on the label the plaintiff affixes to it. Obriecht v. Raemisch, 517 F.3d 489, 493 (7th Cir. 2008) (citing Borrero v. City of Chicago, 456 F.3d 698, 701-02 (7th Cir. 2006)). Thus, the court may, on its own, review the arguments in the plaintiff's motion to determine whether Rule 60 affords him any relief—even if he didn't ask the court to look at Rule 60.

Accordingly, the court has also reviewed the plaintiff's motion under Rule 60. A court may vacate a judgment under Rule 60(b) for several reasons, including mistake and excusable neglect.  See Fed. R. Civ. P. 60(b). However, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances."  Id. (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)).

The plaintiff claims he made a mistake, and that he inadvertently failed to follow the court's instructions—he argues that he was representing himself, and did not initially understand what the court wanted him to do. The court does not find this explanation sufficient to support vacating the judgment under Rule 60(b). The court went to lengths, in two separate decisions, to explain to the plaintiff the deficiencies that he needed to correct—in particular, that he needed to separate out all the different claims against different defendants into different cases. Despite these explanations, the plaintiff's first and second amended complaints became progressively *more* complex, with new claims and new defendants. It is not clear to the court how the plaintiff could have read the court's orders telling him to make fewer claims against fewer

defendants, and then filed new complaints making *more* claims against *more* defendants. The plaintiff's failure to follow the court's instructions—twice—does not constitute "exceptional circumstances" such that the "extraordinary remedy" he requests is warranted.

The court **ORDERS** that the plaintiff's motion to amend judgment (Dkt. No. 29) is **DENIED**.

This order is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of this final order. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate after receiving an order.

Dated in Milwaukee, Wisconsin this 10th day of February, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

4
Case 2:14-cv-00650-PP   Filed 02/10/16   Page 4 of 4   Document 30